## SHERRY LUMBER COMPANY
### v.
## WISCONSIN CENTRAL RAILROAD COMPANY ET AL.

*Trover—Goods Sold by Agent—Recovery for.*

In an action of trover, brought against parties purchasing certain lumber from plaintiff's agent, and the railroad company by which the same was shipped, this court declines, in view of the evidence to interfere with the judgment for the defendants.

[Opinion filed January 16, 1891.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. CHARLES W. GREENFIELD, for appellant.

Messrs. Abner Smith and James M. Cleaver, for appellees Sparr & Weiss.

Gary, J. This is an appeal from the judgment of the County Court, upon a finding of the facts by the court without a jury. The suit was in trover to recover the value of a carload of basswood lumber, shipped by the appellant from Wisconsin to a purchaser in Chicago, who rejected it as being inferior to the quality ordered.

The defendants are the railroad company, who transported the lumber, and the firm of Sparr & Weiss, who bought it of one Lewis. Lewis had no original authority to sell lumber for the appellant,· only to solicit and forward orders, which the appellant would fill or not as it deemed best. July 5, 1889, he wrote to appellant to ship this carload to C. E. Jorgenson, Chicago. Appellant shipped it on the 18th, and on the 25th wrote to Lewis: "We are just advised that the car of basswood to C. E. Jorgenson has been refused. Will you kindly investigate and see what the trouble is?"

August 1st, appellant wrote: "Do not know what you represented the stock to be, so must leave the matter to you to settle it. Kindly have this unloaded at once, so as to save demurrage charges."

On the 6th: "How is it regarding the car of basswood shipped to Jorgenson, Chicago, and refused? Expected to receive word from you by this time. If you have not written, kindly wire me at once, if you are not going to have this stock unloaded. Do not want demurrage charges attached to our expense bill."

On the 7th: "Your postal card from Chicago, yesterday, at hand. I am afraid Mr. Jorgenson is not complaining so much of the cull in the lumber, as the percentage of clears. You ordered us to put only 10 per cent clear in the car and bill for common and better; it would make a poor lot of lumber for that grade, as it is generally the product of the log, and shipped with the culls cut in that grade. However, we will wait and see how the shipment terminates before making any more comments on it."

On the 8th, Lewis sold it to Sparr & Weiss for a very low price, which he kept in silence. On the 21st the appellant wrote to Lewis: "We have not yet heard the result of your success in disposing of the car of basswood, or at least the details of it. Would you kindly inform us at your earliest opportunity."

Now this letter being after the sale, of which the appellant was ignorant, is no authority for the sale; but it shows how the appellant understood the vague and ambiguous instructions it had given Lewis before the sale. What was he to do with the lumber when unloaded? The letters no more authorized him to incur expense for cartage, storage or insurance, than they did to sell. The appellant supplied him with no funds to pay the expense of taking care of the lumber, and without expense the only possible way of getting it off the car, was to sell it while on the car.

The judgment of the County Court is right and is affirmed.                          *Judgment affirmed.*